# IN THE COURT OF APPEALS OF IOWA

No. 21-1871
Filed December 21, 2022

**O'REILLY AUTO ENTERPRISES d/b/a OZARK AUTOMOTIVE DISTRICT and its Workers' Compensation Carrier, SAFETY CASUALTY CO.,**
    Plaintiffs-Appellees,

**vs.**

**VALARIE WIYO JOE BADIA,**
    Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Samantha Gronewald,

Judge.

        Valarie Badia appeals a summary judgment order enforcing a settlement

agreement resolving her workers' compensation claims.  **REVERSED AND**

**REMANDED.**

        Kelsey J. Paumer of Prentiss Grant LLC, Omaha, Nebraska, for appellees.

        Robb D. Goedicke of Neighborhood Law Group of Iowa, West Des Moines,

and Kenneth J. Weiland of Weiland Law Firm, Des Moines, for appellant.

        Sarah M. Kouri of Loney & Schueller, LLC, West Des Moines, for intervenor

Nicholas Platt.

        Considered by Ahlers, P.J., and Badding and Chicchelly, JJ.

**AHLERS, Presiding Judge.**

Valerie Badia pursued two workers' compensation claims against her employer, O'Reilly Auto Enterprises (O'Reilly). In both cases, she was and continues to be represented by attorney Nicholas Platt. After an unsuccessful mediation, settlement talks were rekindled via emails and phone calls. Counsel for the parties reached a settlement agreement resolving both claims and engaged in actions consistent with the terms of the settlement agreement. When it came time to finalize the settlement documentation and have O'Reilly make the agreed-upon settlement payment, Platt informed O'Reilly's counsel that Badia did not agree to certain terms of the settlement agreement. Platt proposed alternative terms as requested by Badia. O'Reilly refused and filed this action seeking to enforce the settlement agreement it claimed to have with Badia.

In pursuit of this action seeking to enforce the claimed settlement agreement, O'Reilly sought to depose Platt. Platt resisted, expressing concern about attorney-client privilege. Court intervention was sought to compel Platt's testimony. The district court permitted Platt to intervene in this action and then issued an order directing Platt to participate in a deposition. The order required Platt to answer questions related to whether a settlement agreement was reached and the terms of the agreement. However, the court refused to order Platt to give information related to his communications with Badia. The bases for restricting Platt from divulging information related to his communications with Badia was that "[Badia] has not waived the privilege that exists between her and attorney Platt nor, at this time, has [Badia] placed attorney Platt's authority at issue."

O'Reilly deposed Platt. Consistent with the court's order, the questioning of Platt did not delve into his communications with Badia, and, when questioning did drift in that direction, Platt was directed by his attorney not to answer.

O'Reilly moved for summary judgment. In support of its motion, it relied on emails exchanged between counsel confirming terms of a settlement agreement and excerpts from Platt's deposition in which Platt expressed his belief that a settlement had been reached on the terms detailed in the emails. Badia resisted the motion. In support of her resistance, Badia submitted an affidavit in which she asserted that she had communication problems with Platt, did not agree to the terms of the settlement agreement (as outlined in the emails exchanged between counsel), and did not authorize Platt to enter a settlement on her behalf.

Despite the fact that Badia's resistance raised an issue over the authority she gave to Platt—which contradicted one of the reasons the district court did not allow O'Reilly to depose Platt about his communications with Badia—the parties proceeded to a hearing on the motion based on the information they had. The district court granted O'Reilly's motion. Badia appeals. She contends there are genuine issues of material fact that cannot be resolved via summary judgment.

Appellate courts review rulings granting summary judgment for correction of errors at law. *Garrison v. New Fashion Pork LLP*, 977 N.W.2d 67, 76 (Iowa 2022). Summary judgment is properly granted when the moving party establishes that there is no genuine issue of material fact and it is entitled to judgment as a matter of law. *Id.* In assessing whether there is a genuine issue of material fact, we view the facts in the light most favorable to the nonmoving party. *Id.*

At the heart of Badia's argument is her claim that she did not authorize Platt to enter the settlement agreement on her behalf. There is no dispute that Platt was representing Badia at the time the claimed settlement was reached. As Badia's attorney, Iowa Code section 602.10114(2) (2021) gave Platt the power to bind Badia "to any agreement, in respect to any proceeding within the scope of the attorney's or counselor's proper duties and powers." *See Gilbride v. Trunnelle*, 620 N.W.2d 244, 251 (Iowa 2000) (citation omitted). Generally, an attorney's offer of settlement is within the scope of the attorney's litigation duties. *Id.* If the attorney settles a case with authorization from the client, the settlement is binding on the client. *Id.* "However, an attorney cannot settle or compromise a case without authority." *Id.*

In assessing whether Platt had authority to enter the settlement on Badia's behalf, we start with the premise that an attorney is presumed to act with authority. *See id.* However, this presumption is not conclusive and may be rebutted. *Id.* It takes clear and satisfactory proof to overcome the presumption. *Id.*

The district court applied these principles, concluded there was no genuine issue of material fact, and granted summary judgment to O'Reilly. In doing so, the court was persuaded by three categories of evidence: (1) the actions of the attorneys after the claimed settlement was reached; (2) Badia's conduct of signing releases and asking for a modification of the settlement terms; and (3) Platt's deposition testimony. Unlike the district court, we are not persuaded that these, or any other, pieces of evidence eliminate the factual dispute generated by Badia's affidavit.

As to the first category of evidence, given Badia's denial of granting Platt authority to enter the settlement, the actions of the attorneys are inconsequential in deciding whether Platt had authority. Badia's narrative is that Platt took all those actions on his own without her authorization. There is nothing about those actions that resolves the factual dispute to negate Badia's narrative.

Regarding the second category of evidence, we do not believe the record supports the conclusion reached by the district court. While Platt did forward at least one medical-information release signed by Badia to O'Reilly after the alleged settlement date, the release is undated and the record provides no information as to when Badia signed the release or what she was told to prompt her to sign it. Without such information, we would have to speculate to reach the conclusion that Badia signed the release after the settlement and did so for the purpose of effectuating a settlement to which she agreed. We are not permitted to speculate in favor of a party moving for summary judgment. To the contrary, we are required to view all evidence in the light most favorable to the nonmoving party and to give the nonmoving party every legitimate inference reasonably deduced from the record. *Garrison*, 977 N.W.2d at 76. As to the district court's conclusion that Badia asked to "modify" the settlement terms and that such request shows she had previously authorized the settlement, O'Reilly does not point to any part of the record demonstrating that Badia made such a request. The only evidence in the record even touching on this area appears to be the email from Platt to O'Reilly in which he informs O'Reilly that Badia did not agree to some of the terms of the settlement. Nothing about this email from Platt is inconsistent with Badia's

narrative that Platt agreed to a settlement without Badia's authorization. Again, this evidence does not resolve the factual dispute created by Badia's affidavit.

As to the third category of evidence, Platt testified at his deposition that after the parties resumed negotiations, he contacted the mediator to go "over the details of the offer that my client authorized me to accept for her workers' compensation case." Following that contact, the mediator emailed Platt and O'Reilly's attorney to "confirm[] the terms of a settlement agreement between [Badia] and O'Reilly." His deposition does not contain any further details about what Badia authorized, when, or how, likely because of the district court's order limiting the scope of his testimony. Badia's affidavit, on the other hand, declares that she did not authorize the settlement agreement Platt entered with O'Reilly. Because Platt could not settle Badia's claim without her authority, *see Gilbride*, 620 N.W.2d at 251, we find this affidavit sufficient to create a genuine issue of material fact precluding the grant of summary judgment. *See, e.g.*, *Rolling Hills Bank & Tr. v. Vetter*, Nos. 11-1162, 11-1163, 2012 WL 1860347, at *4 (Iowa Ct. App. May 23, 2012) (finding assertions in defendants' affidavits, based on their personal knowledge of the dispute, were alone sufficient to generate a genuine issue of material fact); *cf. Gilbride*, 620 N.W.2d at 250 ("In the absence of a resistance and an affidavit from the appellants to support their contention that [their attorney] did not represent them when the settlement offer was made and settlement was reached, no genuine issue of material fact exists as to this contention.").[1]  Because we find

---

[1] We note that O'Reilly makes no claim on appeal that Platt had apparent authority to settle on Badia's behalf, so we consider the issue of apparent authority waived and express no opinion on it. *See Homeland Energy Sols., LLC v. Retterath*, 938

summary judgment should not have been granted on this record, we reverse the district court's grant of summary judgment in O'Reilly's favor and remand to the district court for further proceedings.

We want to be clear that the outcome here is in no way intended to express an opinion on what the final outcome should be on remand. This case highlights some of the pitfalls and inefficiencies that come with prematurely requesting—and granting—summary judgment. Once Badia submitted her affidavit in resistance to the summary judgment motion, it made it all but impossible for O'Reilly to obtain summary judgment on this record in part because O'Reilly was previously precluded from delving into Platt's communications with Badia—a prohibition based on what has turned out to be the erroneous premise that Badia was not challenging Platt's authority to enter a settlement on her behalf. Now that it is clear that Badia is challenging Platt's authority, the parties and district court are free to act accordingly on remand. No party is precluded by this opinion from engaging in additional discovery on remand or seeking summary judgment based on any additional information that may be discovered, although the district court remains free to regulate such actions within the bounds of the Iowa Rules of Civil Procedure.

**REVERSED AND REMANDED.**

---

N.W.2d 664, 690 (Iowa 2020). We also express no opinion on the propriety of consideration of apparent authority on remand.